# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                       Case No. 08-CR-270

**GARY A. QUEEN,**

        **Defendant.**

## RECOMMENDATION THAT THE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT BE GRANTED

On August 5, 2008, Magistrate Judge Patricia J. Gorence signed a criminal complaint charging Gary A. Queen ("Queen") with attempting to persuade a minor to engage in sexual activity, in violation of Title 18, United States Code, Section 2422. (Docket No. 1.) A warrant for Queen's arrest was issued the same day. Queen was arrested by an FBI agent in Fargo, North Dakota on August 7, 2008. (Docket No. 3-2.)

The next day, Queen appeared before Magistrate Judge Karen K. Klein in the District of North Dakota, Southeastern Division. Judge Klein ordered Queen removed to this district. The defendant arrived in the Eastern District of Wisconsin on September 22, 2008 and made his initial appearance before Magistrate Judge William E. Callahan, Jr. On September 26, Judge Callahan held a preliminary hearing, found probable cause, and ordered the defendant detained. On October 15, 2008, the grand jury returned a single count indictment alleging the same offense charged in the complaint. The defendant was arraigned on that indictment on October 17, 2008.

On November 19, 2008, Queen filed a motion to dismiss the indictment on the basis that the government violated the Speedy Trial Act by not obtaining an indictment within thirty-days of his arrest. In response, the government concedes that it violated the Speedy Trial Act and that the indictment should be dismissed. However, the government contends that the dismissal should be without prejudice.

In relevant part, the Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). However, any "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure" or "resulting from transportation of any defendant from another district . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," 18 U.S.C. § 3161(h)(1)(E)-(F), shall be excluded from this thirty-day deadline.

The grand jury returned its indictment 69 days after Queen was arrested. From this time period, the parties agree that the 10 days presumed to be reasonable to transfer Queen from North Dakota to the Eastern District of Wisconsin should be subtracted. Because this time period is less than 11 days, it shall be calculated in accordance with Federal Rule of Civil Procedure 45(a), and thus weekends and holidays shall be excluded. See United States v. Garrett, 45 F.3d 1135, 1140 n.6 (7th Cir. 1995). Therefore, starting counting from the date Queen was ordered removed to this district, August 8, 2008, Queen should have arrived in this district no later than August 22, 2008. From this date, the government had 30 days in which to obtain an indictment, and thus an indictment should have been returned no later than September 22, 2008 (the 30th day being

2

September 21, 2008, a Sunday). The government failed to obtain an indictment until October 15, 2008, some 23 days late.

However, this court previously held that these 10 days should not be automatically excluded simply because a defendant is arrested in another district. United States v. Villanueva, 2007 U.S. Dist. LEXIS 45276, 5-6 (E.D. Wis. 2007). Rather, the government must demonstrate "that the defendant's out-of-district custody . . . hindered the government from seeking an indictment against the defendant." Absent such a showing, the court is unable to conclude that there was any "delay *resulting* from transportation of any defendant," and thus the time is not excludable under the Speedy Trial Act. Villanueva, 2007 U.S. Dist. LEXIS 45276 at 6 (quoting § 3161) (emphasis added). In the present case, the government has again failed to make any showing that the defendant's out-of-district custody prevented it from obtaining an indictment within 30 days of the defendant's arrest, and therefore, the court concludes that the government had until September 8, 2008 within which to obtain an indictment. Thus, the indictment returned on October 15, 2008 was actually 37 days late.

Further, despite the government's concession, the court is not willing to accept that the only question presented is whether dismissal should be with or without prejudice. This is because the court must first decide whether dismissal of the indictment itself is an appropriate sanction. Normally, the sanction for the government's failure to comply with the 30-day indictment deadline, 18 U.S.C. § 3161(b)(1), is for the charges in the complaint to "be dismissed or otherwise dropped," 18 U.S.C. § 3162(a)(1). Ordinarily, a motion for relief on the basis that the government failed to indict within the 30-day timeline comes in the form of a motion to dismiss the complaint. See, e.g., Villanueva, 2007 U.S. Dist. LEXIS 45276. A complaint is mooted by a subsequent indictment.

In the aforementioned case of United States v. Juan Antonio Villanueva, 07-CR-149, 2007 U.S. Dist. LEXIS 45276, this court was presented with a very similar situation. In that case,

following the issuance of a complaint in this district, the defendant was arrested in the Southern District of Texas on February 22, 2007, and ordered removed to this district on March 7, 2007. The defendant first appeared in this district on May 31, 2007, 85 days after his arrest.

On June 6, 2007, the defendant filed a motion to dismiss the complaint. The court set the matter for a hearing, and on June 12, 2007, the day before the scheduled hearing and 97 days after his arrest, the grand jury returned an indictment against the defendant. In that case, the court determined that the only issue to be decided was whether the complaint should have been dismissed with prejudice. If the complaint should have been dismissed with prejudice, then the indictment must also be dismissed. Ultimately, the court concluded that dismissal of the complaint with prejudice would be inappropriate and therefore, the subsequent indictment need not be dismissed.

Queen's failure to make a motion for dismissal of the complaint before the return of the indictment raises potential issues regarding waiver and forfeiture. However, as pointed out by the government, although it does not appear the Seventh Circuit has yet been presented with this issue, other courts have granted motions to dismiss indictments because of violations of the 30-day rule provided the motion is made before trial. See, e.g., United States v. Spagnuolo, 469 F.3d 39, 43 (1st Cir. 2006) (relying upon the last sentence of § 3162(a)(2) to hold that a defendant's motion for dismissal of charges for the government's failure to obtain an indictment within 30 days of the defendant's arrest must be made before trial or otherwise is waived); United States v. Gamboa, 439 F.3d 796, 802-04 (8th Cir. 2006) (same); United States v. Pollock, 726 F.2d 1456, 1462 (9th Cir. 1984) (holding that delay in obtaining an indictment requires dismissal of only the indictment counts that were the same as the crime charged in the complaint).

Nonetheless, in light of the government's failure to raise any argument regarding potential waiver or forfeiture, the court shall not address these issues further. The effect of dismissing the indictment without prejudice in this case may provide no real benefit to the defendant and will

4

simply have the effect of requiring all parties, including the court, to repeat work already done (assuming the government will obtain a subsequent indictment). Thus, the argument may be made that a dismissal of the indictment is appropriate only when the court determines that the complaint should have been dismissed with prejudice had the motion to dismiss been timely made before the return of the indictment; absent a determination that the complaint should be dismissed with prejudice, the motion to dismiss the indictment should be denied. However, in light of the government's concession that dismissal of the indictment is appropriate, the court shall focus only upon the question of whether dismissal with prejudice is appropriate.

"The purpose of the STA's thirty-day arrest-to-indictment requirement 'is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself.'" United States v. Spagnuolo, 469 F.3d 39, 43 (1st Cir. 2006) (quoting United States v. Meade, 110 F.3d 190, 200 (1st Cir. 1997) (in turn quoting United States v. Berry, 90 F.3d 148, 151 (6th Cir. 1996))) (internal quotation marks omitted).

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

18 U.S.C. § 3162(a)(1).

> It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays. Nonetheless, the [Speedy Trial] Act does not require dismissal with prejudice for every violation. Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds.

United States v. Taylor, 487 U.S. 326, 342 (1988) (internal citation omitted).

It is undisputed that the charge against the defendant is serious. In fact, Congress has determined that enticing a minor to engage in criminal sexual conduct is so serious that it established a mandatory minimum sentence of 10 years imprisonment to a maximum of life imprisonment for persons convicted of that crime. 18 U.S.C. § 2422(b). However, simply because a charged crime is serious, the government does not have carte blanche to disregard the strictures of the Speedy Trial Act and instead rely upon the expectation that the court will not dismiss a charge with prejudice because of its seriousness.

Likewise, the parties agree that the government's delay was not motivated by any improper motive, and that the defendant was not prejudiced by the delay. But such is the case in most Speedy Trial Act violations. Most offenses routinely charged in federal court are serious crimes; most Speedy Trial Act violations based on an untimely indictment are due to negligence or inadvertence rather than any nefarious motive; and most defendants are unlikely to suffer any specific prejudice by a delay. However, if courts are willing to dismiss charges with prejudice only when the violation of the Speedy Trial Act is egregious, will the Speedy Trial Act lose its meaning? Will delay become the rule and not the exception if there is a failure to enforce the STA?

Especially troubling to this court and a factor weighing in favor of a dismissal with prejudice is that this court has previously issued a stern warning to the government that delays in obtaining an indictment simply because a defendant is arrested on a complaint in another district will not be tolerated. Villanueva, 2007 U.S. Dist. LEXIS 45276, at 12-15. The court explicitly stated,

> If the government (U.S. Attorney and U.S. Marshal) fail to correct the underlying causes of these problems [in transportation of defendants from other districts] and another violation of this nature occurs, the dismissal will likely be with prejudice. The court cannot give the government a pass to avoid the consequences of the Speedy Trial Act simply because the worst violations occur in the most serious cases. Such inaction by the court would vitiate the effectiveness of the Speedy Trial Act.

6

Id. at 15. If this court were to dismiss the charges without prejudice, in light of the fact that this court's prior warnings and demands for immediate changes have proven insufficient, it would undermine the efficacy of the Act, a factor Congress has instructed courts to consider.

In June of 2007, when the court issued its order in <u>Villanueva</u>, it appeared there was a systemic problem in the United States Attorney's Office in this district where the government failed to pay attention to Speedy Trial Act deadlines in cases where defendants were arrested outside the district and instead elected to seek an indictment only once the United States Marshal Service transported the defendant to the district.

In <u>Villanueva,</u> the court referred to two other recent cases in this district where there were similar violations of the Speedy Trial Act. In 07-CR-135, <u>United States v. Everette</u>, the defendant was arrested in the Northern District of Texas on April 25, 2007, but the grand jury in this district did not return an indictment until June 5, 2007, which was after the defendant appeared in this district and some 41 days after his arrest.

Likewise, in 07-M-39, <u>United States v. Davis, et. al.</u>, three defendants were charged in a criminal complaint and arrested outside the district on April 27, 2007. An indictment was never returned against the defendants, and on the government's motion the complaint was dismissed without prejudice, but this was not until June 26, 2007, some 60 days after their arrests.

Although this is the first such case that has come before this court in more than a year, it is nonetheless troubling to learn that it appears that this court's warning was not heeded and the deficiencies it previously demanded be corrected have remained.

The recurring delays in prosecutors seeking indictments against defendants arrested outside of this district are not this court's only concerns. There is the related concern that it has become routine for it to take months for defendants arrested in other districts to be transported to this district. Congress has codified the expectation that such transport should take no longer than 10

days, 18 U.S.C. § 3161(h)(1)(H), and the court has no reason to conclude that this expectation is unreasonable. The period when a defendant is detained for transportation to this district is especially worrisome to the court because too often, during this period defendants are left in a Kafka-esque legal limbo without appropriate legal representation and without any independent review of the charges against them. See Villanueva, 2007 U.S. Dist. LEXIS 45276, at 16. Months-long delays in transportation of defendants are unacceptable and steps must be taken to promptly correct these serious problems.

When a defendant appears in another district pursuant Rule 5(c)(2), Fed. R. Crim. P., generally the defendant is represented by a federal defender or appointed counsel whose representation is limited to the issue of removal. Counsel in the district of prosecution is not appointed until the defendant appears. Thus, during this period following the order of removal, but before the defendant's appearance in the district of prosecution, which in this court's experience may take months, the defendant is effectively without representation. He has no one to turn to with his questions, and most importantly, there is no one to vigilantly ensure that the defendant's appearance in the district of prosecution is prompt.

Secondly, although the Rule 5(c)(3) requires the magistrate judge in the district of arrest to conduct a preliminary hearing pursuant to Rule 5.1, once the court orders a defendant removed to another district, it is no longer in a position to monitor the defendant's status to determine whether a preliminary hearing is conducted. Absent a grand jury indictment, a preliminary hearing acts as an essential check upon the government's ability to charge and detain persons without a probable cause. Although it is not an issue raised by the defendant in the present case, it appears that Queen was not afforded the prompt preliminary hearing to which he was entitled. He did not receive a preliminary hearing until October 17, 2008, 71 days after his arrest, which is obviously long beyond the 10 days permitted by Rule 5.1(c).

Notwithstanding this court's expressed concerns regarding systemic deficiencies, turning to the specific facts of this case, it is the conclusion of this court that a dismissal without prejudice is appropriate. Queen is charged with a serious crime, the government's delay was not for any improper motive, and Queen was not prejudiced by the delay. Further, in Villanueva, a case involving a crime of similar seriousness in that both Queen and Villanueva were charged with crimes for which the penalty was a minimum of ten years in prison to a maximum of life, where likewise the court found that the delay was not for an improper motive and the defendant was not prejudiced, the court found that a dismissal with prejudice was not appropriate when the delay was 57 days; in the present case, the indictment against Queen was only 37 days late. In consideration of all the relevant circumstances, it is the conclusion of this court that a dismissal of the indictment without prejudice is appropriate.

**IT IS THEREFORE RECOMMENDED** that the defendant's motion to dismiss the indictment be **granted** and the indictment be dismissed without prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 8th day of December 2008.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge